IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDREW E. MCGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00651-DGK |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER REMANDING CASE TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

Pro se Plaintiff Andrew E. McGuire seeks damages and injunctive relief against the following defendants: the City of Kansas City ("the City"); Quinton Lucas, in his official capacity as Mayor of Kansas City ("Lucas"); Linda Miller, in her official capacity as Kansas City Prosecutor ("Miller"); Jean Peters Baker, in her official capacity as Jackson County Prosecutor ("Baker"); Cecilia Abbott, in her official capacity as City Attorney ("Abbott"); and the Missouri Department of Revenue ("MDR"), Am. Compl. ¶ 1–10, ECF No. 1-1 at 58.

Defendants removed this case from the Circuit Court for Jackson County, Missouri. However, because Defendants cannot satisfy the requirements for removal to federal court, this case is remanded back to the Circuit Court for Jackson County, Missouri.

**Factual Background**

Plaintiff's complaint includes the following allegations: An unknown individual stole Plaintiff's gas-powered scooter. Plaintiff promptly reported the theft, and the Kansas City Police Department was able to recover the scooter. Am. Compl. ¶ 12–14, ECF No. 1-1 at 38. However,

the City has demanded Plaintiff pay storage and tow fees[1] before Plaintiff may retrieve his scooter from the City. *Id.* ¶ 15–17, 37.

## Procedural History

The relevant procedural history in this case began on July 26, 2021, when Plaintiff filed the operative seven-count complaint in the Circuit Court for Jackson County, Missouri. Plaintiff's first count sought[2] a writ of mandamus "or similar order" ordering Defendants Baker and Miller to seek criminal charges and restitution against the individual who stole Defendant's scooter. Am. Compl. at 6, ECF No. 1-1 at 62. Plaintiff's second count seeks $1000 in damages from Defendant City for "court related costs." *Id.* Plaintiff's third count seeks an order directing the City to promptly return Plaintiff's scooter at no cost to Plaintiff. *Id.* Plaintiff's fourth count seeks an award of $2500 in damages from the City—plus additional daily damages— "for irritation of [Plaintiff's] prior medical condition.[3] Am. Compl. at 7, ECF No. 1-1 at 63. Plaintiff's fifth count seeks an award of punitive damages against the City "as punishment for [the City's] actions and inactions and use of unconstitutional laws," as well as an order barring the City from "seeking collection of money from a victim for the return of stolen property." *Id.* Plaintiff's sixth count seeks punitive damages against the City and Defendant Quinton Lucas for violating Plaintiff's first amendment rights, as well as an order "preventing [Lucas] and his staff and [the City] from

---

[1] The exact amount of fees is unclear. Plaintiff alleges that the City has demanded $1740 in storage fees, Am. Compl. ¶ 17, ECF No. 1-1 at 38, but states elsewhere that the city has demanded only $1020 in storage fees. *Id.* ¶ 19, 25, 37. Likewise, Plaintiff alleges that the City has merely threatened to charge him at $30 per each additional day of storage, *Id.* ¶ 17, but elsewhere alleges that storage fees continue to accrue at that rate, *Id.* ¶ 19.

[2] Before Plaintiff served the Complaint, Jackson County Circuit Court Judge Joel P. Fahnestock denied Plaintiff's claim for a writ of mandamus sua sponte. Order, ECF No. 1–1 at 44–46.

[3] Plaintiff alleges that he suffers from sleep disturbances and ankle conditions "which have been irritated by the [d]efendants['] actions and inactions." Am. Compl. ¶ 24, ECF No. 1-1 at 39.

violating any other first amendment protections." *Id.* Finally, Plaintiff's seventh counts seeks "any other damages or relief [] Plaintiff is entitled to that [] Plaintiff has not thought of." *Id.*

Plaintiff served all defendants on August 10 and 11, 2021.[4] On August 27, Baker moved to dismiss any remaining claims against her. Mot., ECF No. 1-1 at 94–97.

On September 9, 2021, the City, Lucas, and Miller removed the case to this Court, noting that all defendants had consented to removal. Notice ¶ 11, ECF No. 1.

## Discussion

In order to remove a civil action from state court to federal court, all Defendants who have been properly joined and served must consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). However, "[a] defendant waives the right to remove by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." (quotation omitted)). *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015). Here, Defendant Baker filed a motion to dismiss in state court, thereby waiving her right to remove to this Court. Having waived her right to removal, Defendant Baker has also waived her ability to consent to her co-defendants' removal. *Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 928 (D.S.D. 2013). As a result, Defendants are unable to meet the unanimous consent requirement of Section 1446(b)(2)(A).

## Conclusion

The Clerk of the Court is directed to remand this case back to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date: December 6, 2021                 /s/ Greg Kays
                                                        GREG KAYS, JUDGE

---

[4] It appears from review of the state court file that Plaintiff may not have sufficiently served Abbott, though Abbott consented to removal via email. Aff., ECF No. 1-1 at 101; Notice ¶ 11, ECF No. 1.